# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20626
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JEFFREY STERN,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-450-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jeffrey Stern has been charged with conspiring to defraud the United States, four counts of willfully filing false tax returns, six counts of aiding and assisting in the preparation and presentation of false tax returns, two counts of witness tampering, and one count of obstructing justice. The magistrate

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judge ordered that Stern be detained pending trial, and the district court affirmed. Stern appeals the detention order.

"Absent an error of law, we must uphold a district court order [of detention] if it is supported by the proceedings below, a deferential standard of review that we equate to the abuse-of-discretion standard." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992) (internal quotation marks and citation omitted). "On appeal, the question becomes whether the evidence as a whole supports the conclusions of the proceedings below." *Id.* (citation omitted).

After a careful review of the record, we conclude that the evidence as a whole supports the district court's detention order. At the detention hearing, the lead case agent from the Internal Revenue Service (IRS) testified that the evidence from his investigation showed that Stern was engaged in a thirteen-year scheme to defraud the IRS. He further testified that Stern, even after being civilly audited and made to pay fines and penalties in 2010, continued to defraud the IRS and modified the scheme to avoid detection by issuing false tax documents and fraudulent checks. The evidence also showed that Stern hid his law firm's client and financial files in a storage unit that was rented under an illegal alien's name. After Stern learned that he was under a federal criminal investigation, he requested case runners (Marcus Esquivel and Frederick Morris) to destroy any records related to their business dealings with him. Esquivel subsequently destroyed a computer and paper records, and Morris and Stern shredded Morris's invoices to the Stern Law Firm.[1] Stern also caused the filing of further fraudulent documents with the IRS. Stern told Morris that "he would do whatever it took to protect himself." He confronted

---

[1] There was also evidence that Esquivel destroyed documents at the request of Stern in 2010 during a state criminal investigation of Stern for solicitation of capital murder.

No. 19-20626

Morris in an intimidating manner, and Morris expressed fear for his and his family's safety.

Based on Stern's tax returns during the time period of the federal criminal investigation, Stern's annual income was approximately $3 million per year. He has foreign bank accounts. Since the start of the Government's investigation, Stern has traveled internationally approximately six times, but it was only after his most recent trip in August 2019 that he learned Morris was cooperating with the Government.

Based on the foregoing, the district court did not abuse its discretion in ordering Stern's detention. *See* 18 U.S.C. § 3142. Accordingly, the district court's order of detention is AFFIRMED. The Government's motion for leave to file a response in excess of the page limit, and Stern's motion for leave to file a reply out of time and in excess of the page limit are GRANTED.

DETENTION ORDER AFFIRMED; MOTIONS GRANTED.